# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 1, 2012

## CORTINO HARRIS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-11-37      Donald H. Allen, Judge**

---

**No. W2011-02019-CCA-R3-PC  - Filed September 27, 2012**

---

The Petitioner, Cortino Harris, appeals as of right from the Madison County Circuit Court's denial of his petition for post-conviction relief. The Petitioner contends that he received ineffective assistance of counsel because trial counsel failed to investigate and call at trial several eyewitnesses to the crime. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the appellant, Cortino Harris.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; James G. Woodall, District Attorney General; and Shaun Alan Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Following a jury trial in September 2008, the Petitioner was convicted of possession of marijuana with intent to sell, a Class E felony, and evading arrest, a Class A misdemeanor. See Tenn. Code Ann. §§ 39-16-603, -17-417. The Petitioner was sentenced to four years in the Department of Correction for the felony conviction and eleven months, twenty-nine days on the misdemeanor conviction. The sentences were ordered to be served consecutively. On direct appeal, this court affirmed the Petitioner's convictions and sentences. See State v. Cortino Harris, No. W2009-00457-CCA-R3-CD, 2010 WL 376622 (Tenn. Crim. App. Feb. 2, 2010), perm. app. denied, (Tenn. June 16, 2010). The Petitioner filed a timely pro se petition for post-conviction relief. The post-conviction court appointed counsel, and an

amended petition was filed.[1]  Following a hearing on August 29, 2011, the post-conviction court entered an order denying post-conviction relief.

The Petitioner's case arose from "a drug transaction that was witnessed by an undercover officer" of the Jackson Police Department (JPD).  The officer was "working an auto burglary detail" when he noticed two cars, one silver and one black.  The officer saw a "white male" exit the silver car and enter the black car.  The officer then witnessed "an exchange between the white male and one of the occupants of the black vehicle," but he could not determine exactly who in the black vehicle had made the exchange.  The officer testified at trial that the exchange took "approximately ten minutes."  As the cars drove away, the officer "radioed for assistance" and asked that both cars be stopped.  The silver car was stopped and a search revealed "a small bag of marijuana."  The "two white male occupants" were apparently released with only a citation.  Harris, 2010 WL 376622, at *1-2.

Sergeant Philip Whitman of the JPD stopped the black car.  At trial, Sgt. Whitman identified the Petitioner as the driver of the black car and testified that the Petitioner gave his "license and registration" to Sgt. Whitman.  The Petitioner's driver's license and registration were entered into evidence at trial.  After Sgt. Whitman was informed "that narcotics had been recovered from the silver vehicle," he approached the Petitioner and asked to search the car.  The Petitioner stepped out of the car, and Sgt. Whitman told the Petitioner that he was "going to conduct a pat-down search."  At that point the Petitioner "broke and ran."  Officers attempted to catch the Petitioner, but the Petitioner was able to escape.  Sgt. Whitman testified that "he was about to take the [Petitioner] into custody and arrest him when he ran off."  At trial, Sgt. Whitman "recalled that [a] passenger remained in the vehicle, and they let him go after conducting a warrant check on him."  The police then "conducted an inventory search of the [Petitioner's] abandoned vehicle" and recovered "57.4 grams of marijuana" located "in the console."  Harris, 2010 WL 376622, at *2-3.

At the post-conviction hearing, trial counsel testified that the passenger in the Petitioner's car that night was Anthony McCurry.  Trial counsel testified that the police had concluded that Mr. McCurry "didn't have anything to do with any sort of selling of marijuana" and "they just let him walk away down the by-pass."  According to trial counsel, his investigator attempted "two or three time to serve [Mr. McCurry] at . . . the address that [they] had" but could not locate him.  Mr. McCurry's father lived at the address and told the investigator that "he didn't know where [Mr. McCurry] was and that he hadn't seen him."  Trial counsel believed that Mr. McCurry was "unwilling to take the stand" and would have likely "pled the [F]ifth" if asked about the marijuana.  Trial counsel admitted that he would

_____

[1]It appears from the record that an amended petition was filed.  However, the amended petition was not included as part of the appellate record.

-2-

have liked "to have found Mr. McCurry to be able to speak to him or at least subpoena him to court" because the Petitioner told trial counsel that Mr. McCurry might have testified that he "had borrowed [the Petitioner's] vehicle" and that the Petitioner was not in the car. However, trial counsel "didn't have a way to confirm that with [Mr. McCurry]." Trial counsel was not asked about whether he attempted to locate the occupants of the silver car.

The Petitioner admitted that his car was stopped by the police but claimed that he was not in the car that night. The Petitioner claimed that someone else had given Sgt. Whitman his driver's license and explained that he kept his driver's license in his car because, at that time, he "didn't have a wallet." The Petitioner complained that he "never had a chance to confront [his] accusers," the two "white male occupants of the silver car." The Petitioner claimed that "[n]o one [knew] who they were" and that prior to trial, "no one could come up with a name or a citation" for the men. The Petitioner testified that when he asked trial counsel to find the men, trial counsel responded that "no one [knew] where they're at" and that they could not "be found." The Petitioner claimed that he did not know Mr. McCurry but that he believed Mr. McCurry would have testified that he was not in the car. On cross-examination, the State pointed out that the Petitioner was not convicted for selling marijuana to the occupants of the silver car but for possession with intent to sell based upon the marijuana found in his car. The post-conviction court asked the Petitioner why he believed that testimony from the occupants of the silver car would have benefitted him at trial when the affidavit of complaint signed by Sgt. Whitman stated that the men in the silver car had identified the Petitioner as the person who sold them marijuana. The Petitioner responded that he did not know but that they would "just have to find out and see." The Petitioner did not present Mr. McCurry nor the occupants of the silver car as witnesses at the post-conviction hearing.

The post-conviction court denied post-conviction relief and concluded that it did not "see that there's anything that [trial counsel] failed to do." With regards to trial counsel not investigating the witnesses the Petitioner complained of, the post-conviction court stated as follows:

> [Trial counsel] certainly attempted to locate this Anthony McCurry. Again, I'm not sure what testimony Mr. McCurry may have offered, but it may not have been beneficial to the [Petitioner]. I mean, who knows, but at least there was effort made by counsel to locate him. Apparently he could not locate him. Obviously the case went to trial without Mr. McCurry's testimony, but there's nothing to indicate to the Court that Mr. McCurry's testimony would have been beneficial to the [Petitioner]. Certainly by looking at the Affidavit of Complaint, these two white males in this gray car, I don't think that their testimony would have been beneficial to [the Petitioner]. If anything, it would

-3-

have been detrimental because according to the affidavit of Sergeant Whitman, [the Petitioner] was identified by these two white male individuals as being the person who sold them the marijuana that was found in their car. I'm not sure - - certainly it wouldn't have been ineffective even if [trial counsel] had located them, I don't think he would have wanted to call them as a witness on [the Petitioner's] behalf. I don't think that would have been a smart thing to do as defense counsel.

On appeal, the Petitioner contends that the trial court erred by denying his petition for post-conviction relief. In a single paragraph of argument, the Petitioner complains that trial counsel "did not make a diligent or effective effort" in attempting to locate Mr. McCurry and the occupants of the silver car and failed to have them testify at trial.[2] The State responds that the Petitioner, by failing to call the witnesses at the post-conviction hearing, cannot establish that trial counsel was ineffective.

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. Because they relate to mixed questions of law and fact, we review the post-conviction court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has been applied to the right to counsel under article I,

---

[2]The Petitioner raised several other issues in his petition for post-conviction relief. The post-conviction court denied post-conviction relief on these claims as well. The Petitioner presented no evidence at the post-conviction hearing on these issues and has waived appellate review of the issues by not raising them in his brief. See Tenn. R. App. P. 13(b).

section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

This court has long held that when a petitioner contends that trial counsel failed to call a known witness in support of the defense, the witness "should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). "[T]his is the only way the petitioner can establish that . . . failure to . . . call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." Id. The Petitioner failed to present Mr. McCurry or the occupants of the silver car at the post-conviction hearing; therefore, the Petitioner has failed to establish by clear and convincing evidence that trial counsel was ineffective for failing to investigate and call these witnesses at trial.

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE